IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO EDUARDO PEDRAZA<br>aka Luis Rangel Frias (#14131078),<br><br>Plaintiff,<br><br>V.<br><br>EDWARD VERNON KING, JR.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:13-cv-1970-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On May 24, 2013, Plaintiff filed documents that appear to demand money damages from his criminal defense attorney for violations of his Sixth Amendment right to counsel. *See* Dkt. No. 3. Plaintiff later sought leave to proceed *in forma pauperis*. *See* Dkt. Nos. 10 & 13. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 12. The Court then sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 11.

Plaintiff answered the interrogatories on August 22, 2013. *See* Dkt. No. 14.

In his complaint and interrogatory responses, Plaintiff generally accuses his attorney of conspiring with prosecutors to assure Plaintiff's criminal conviction and laboring under a conflict of interest during his 2007 criminal proceedings. *See* Dkt. No. 3; Dkt. No. 14 at Questions 1 & 4. By this lawsuit, he seeks the return of $25,000 in attorneys' fees paid to his defense lawyer. *See* Dkt. No. 14 at Question 2.

The undersigned now determines that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

   (i)   is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Initially, Plaintiff cannot sue his defense attorney for violating his Sixth Amendment rights. Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). And, to the

extent that Plaintiff may be trying to allege that his attorney conspired with certain state actors to deprive Plaintiff of his constitutional rights, his conclusory allegations are insufficient to withstand dismissal for failure to state a claim. *See Mills*, 837 F.2d at 679.

To the extent that Plaintiff seeks to raise a claim apart from 42 U.S.C. § 1983, the Court is without jurisdiction to consider it. A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995).

Here, neither basis for jurisdiction is satisfied. Plaintiff reports that his only allegations under federal statute or the United States Constitution involve the violation of his Sixth Amendment right to counsel. *See* Dkt. No. 14 at Question 4. A suit to vindicate alleged violations of federal constitutional rights generally sounds under Section 1983, but – in addition to the dispositive deficiencies noted above – a Section 1983 civil rights action against Plaintiff's attorney is not the proper vehicle to challenge the effectiveness of his trial counsel and the sufficiency of the protections he received under the Sixth Amendment. *See Cobb v. Simmons*, 373 F. App'x 469, 471 (5th Cir. 2010); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d

166, 168 (5th Cir. 1994). And, because Plaintiff seeks $25,000 in damages, he has not alleged or established that the amount of controversy is more than $75,000 so as to meet that threshold requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a); Dkt. No. 14 at Question 2.

Accordingly, he has failed to state a claim on which relief may be granted or, alternatively, over which this Court has jurisdiction.

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 26, 2013

                                               _____
                                             DAVID L. HORAN
                                             UNITED STATES MAGISTRATE JUDGE